UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
JOHNNY SANTANA,                  :
            Petitioner,          :
                                 :        06 Civ. 7774 (BSJ)(MHD)
            v.                   :        **Memorandum & Order**
                                 :
DALE ARTUS,                      :
            Respondent.          :
------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/26/10

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner
Johnny Santana ("Santana") to the Report and Recommendation
("R&R") of Magistrate Judge Michael H. Dolinger recommending the
denial of Santana's Petition for a Writ of Habeas Corpus
pursuant to 28 U.S.C. § 2254. For the following reasons, the
Court adopts the R&R, overrules Santana's objections, and DENIES
the Petition.

## LEGAL STANDARD

When a magistrate judge has issued findings or
recommendations, the district court "may accept, reject, or
modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C).
The Court reviews de novo any portions of a Magistrate Judge's
R&R to which a petitioner has stated an objection. See 28
U.S.C. § 636(b)(1)(C); United States v. Male Juvenile, 121 F.3d
34, 38 (2d Cir. 1997). "Where no objections are filed . . . the
court reviews the report for clear error." Brown v. Ebert, No.

1

05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)
(citing Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963,
at *4 (S.D.N.Y. Dec. 20, 2006)).

Although Santana "objects in all respects" to the R&R,
(Pet'r's Obj. to Rep. and Rec. 7), the Court reviews de novo
only those portions of the R&R to which Santana objects
specifically.  The Court reviews the remainder of the R&R for
clear error.

## DISCUSSION[1]

Santana raises two discrete objections to Magistrate Judge
Dolinger's R&R, as well as a general objection to the entire
R&R.  First, he claims that his trial lawyer provided
ineffective assistance of counsel because he failed to object to
"the trial court coercing the jury into a verdict" and to the
trial court's failure to accept a partial verdict or to declare
a mistrial.  Second, he asserts that these actions or inactions
by the trial court denied him due process and a fair trial.
With respect to both of these objections, the Court agrees with
the conclusions of the R&R.  As for Santana's general objection,
the Court finds the remainder of the R&R not clearly erroneous.

---

[1] The facts and procedural history of this case are set forth in detail in
Magistrate Judge Dolinger's Report and Recommendation, familiarity with which
is presumed.

## I. Ineffective Assistance of Counsel

Santana argues that his trial counsel failed to object to
the trial court's purported coercion of the jury and the court's
refusal to accept a partial verdict or to declare a mistrial.
He asserts that these omissions amounted to ineffective
assistance of counsel.  According to Santana, "had defense
counsel made proper objections to the outrageous events
occurring within the jury room during deliberation or, had
counsel subsequently filed a CPL § 330.30 motion he would have,
1) protected the record for appellate review in the event of an
adverse decision, and 2) provided the trial court an opportunity
to address the unusual proceedings giving rise to Juror notes
that clearly show the Juror[s] were not focusing on deliberating
a [sic] verdict, but rather concerned about the disruption
between Juror[s] 1 and 2."  (Pet'r's Obj. to Rep. and Rec. 2).

With respect to Santana's claim that his attorney should
have filed a CPL § 330.30 motion, the Court agrees with the
conclusion of the R&R that this section would not apply because
Santana and his counsel were both present during the discussions
about conflicts among the jurors and Santana presents no
evidence of other improper conduct by a juror that was unknown
to him at trial.  See N.Y. Crim. Proc. § 330.30(2) (permitting
court to set aside or modify verdict if "during the trial there
occurred, out of the presence of the court, improper conduct by

3

a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict") (emphasis added). Thus, the failure of Santana's attorney to file a CPL § 330.30 motion cannot constitute constitutionally deficient performance. See generally United States v. Regalado, 518 F.3d 143, 149 n.3 (2d Cir. 2008) ("[F]ailure to make a meritless argument does not amount to ineffective assistance." (quotation marks omitted)).

As for Santana's claim that his trial counsel was ineffective because he failed to object to "the trial court coercing the jury into a verdict" and to the court's failure either to accept a partial verdict or to declare a mistrial, the Court agrees with the conclusion of the R&R that trial counsel's performance was not deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Santana's attorney made numerous objections throughout the trial, noted these objections for the record, and made two applications for a mistrial on other issues. (Tr. 830-31, 898-99, 1426, 1833-34, 1851). Moreover, Santana's attorney (and Santana himself)[2] participated fully in the multiple discussions that occurred pertaining to the conflicts between the jurors, (Tr. 990-91, 1419, 1453, 1679-81,

---

[2] During deliberations, Santana addressed the Court, saying that "it seems to me this is what trial is. There is [sic] disagreements . . . but they just have to come together and render some kind of verdict." (Tr. 1789).

1787-89, 1812, 1861-62), and so there is no indication that counsel neglected this issue.  The Court agrees with the conclusion of the R&R that these actions by counsel during the trial plainly do not amount to the "oversight, carelessness, ineptitude or laziness" required to meet the performance prong under Strickland.  See Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003).

For these reasons, Santana has failed to present any evidence that overcomes the presumption that his attorney exercised reasonable professional judgment in all relevant respects.  See Strickland, 466 U.S. at 690 ("[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").  Moreover, even if Santana could show that trial counsel's performance was deficient, Santana cannot show prejudice: if these claims had been preserved for appeal the Appellate Division would have rejected them.  See People v. Santana, 16 A.D.3d 346, 347, 792 N.Y.S.2d 71, 73 (1st Dep't 2005) (declining to review Santana's unpreserved claims but stating "[w]ere we to review these claims, we would reject them"); United States v. Habbas, 527 F.3d 266, 274 (2d Cir. 2008) (finding no prejudice where counsel's failure to object "made no difference" to the outcome).

Therefore, the Court overrules Santana's objection to the
conclusion of the R&R that Santana's counsel did not provide
ineffective assistance of counsel.

## II. Due Process and Right to a Fair Trial

Next, Santana asserts that his rights to due process and a
fair trial were violated when the trial court "coerc[ed] a
verdict from the jury," failed to accept a partial verdict or
declare a mistrial, and gave a defective Allen charge. (Pet'r's
Obj. to Rep. and Rec. 3-4); Allen v. United States, 164 U.S. 492
(1896). Santana points to the altercation between Juror One and
Juror Two as evidence that "the Jurors were clearly not
concentrating on deliberations." (Id. at 5). In addition,
Santana argues that the trial court coerced the jury into a
guilty verdict because although the jury had been deliberating
over counts 6 and 11 through 17 for five days, it then reached a
verdict less than an hour after the Court returned the jury to
deliberations on those counts. (Id.)

The Court agrees with the R&R's conclusion that these
claims are procedurally barred from habeas review because the
First Department explicitly (and correctly) determined that
Santana's claims were unpreserved. See Santana, 16 A.D.3d at
347. This is an independent and adequate state law ground, see
Coleman v. Thompson, 501 U.S. 722, 729 (1991), as New York's

6

contemporaneous-objection rule embodied in N.Y. Crim. Proc. Law
§ 470.05(2) is recognized by federal courts as a settled and
legitimate requirement under New York law.  See, e.g., Garcia v.
Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999) ("[W]e have observed
and deferred to New York's consistent application of its
contemporaneous objection rules.").

Santana responds that he can demonstrate "cause for the
[procedural] default and actual prejudice as a result of the
alleged violation of federal law, or . . . that failure to
consider the claims will result in a fundamental miscarriage of
justice."  Coleman, 501 U.S. at 750.  Santana argues that his
counsel was ineffective in failing to contemporaneously object
to the continuation of jury deliberations.  See Murray v.
Carrier, 477 U.S. 478, 488 (1986).  But as discussed, Santana
cannot show ineffective assistance of counsel.  Nor does Santana
point to "some objective factor external to the defense [that]
impeded counsel's efforts to comply with the State's procedural
rule," such as "a showing that the factual or legal basis for a
claim was not reasonably available to counsel, or that some
interference by officials made compliance impracticable."  Id.
(internal citations and quotation marks omitted).  And for the
reasons stated in the R&R, Santana cannot show that a failure to
address these claims here would result in a fundamental
miscarriage of justice.  (Rep. and Rec. 39).  Therefore, the

Court overrules Santana's objection to the conclusion of the R&R
that his jury-related claims are procedurally barred from habeas
review.

Finally, the R&R concluded that even if the jury-related
claims were not procedurally barred, the result would be the
same because Santana's arguments lack merit.  The Court agrees
with and adopts the R&R's detailed and well-reasoned conclusions
that the trial court did not err in failing to accept a partial
verdict or in failing to declare a mistrial and in providing an
allegedly defective Allen charge.  (Rep. and Rec. 40-52).


**III. General Objections**

Finally, Santana "objects in all respects" to the R&R.
(Pet'r's Obj. to Rep. and Rec. 7).  As discussed above, except
for the portions of the R&R to which Santana objects
specifically, the Court reviews the R&R for clear error.  Having
done so, the Court finds Magistrate Judge Dolinger's R&R
thorough, well-reasoned and not clearly erroneous.  Accordingly,
the Court adopts Magistrate Judge Dolinger's recommendation not
to issue a writ of habeas corpus on the basis of those claims.


**CONCLUSION**

For the foregoing reasons, the Court adopts the R&R of
Magistrate Judge Dolinger in its entirety and DENIES Santana's

8

Petition for a Writ of Habeas Corpus.  Because Santana has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:     New York, New York
           April 26, 2010

9